Wei Zhang v. Barr

BIA
Zagzoug, IJ
A205 883 110

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand nineteen.

PRESENT:
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

WEI ZHANG,
> *Petitioner,*

v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

17-1299
NAC

_____

| | |
|---|---|
| FOR PETITIONER: | Louis H. Klein, The Kasen Law Firm, PLLC, Flushing, NY. |
| FOR RESPONDENT: | Chad A. Readler, Acting Assistant Attorney General; Janette L. Allen, Senior Litigation Counsel; Jessica D. Strokus, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Zhang, a native and citizen of the People's Republic of China, seeks review of an April 4, 2017, decision of the BIA affirming a September 1, 2016, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Zhang,* No. A 205 883 110 (B.I.A. Apr. 4, 2017), *aff'g* No. A 205 883 110 (Immig. Ct. N.Y. City Sep. 1, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because the BIA affirmed the IJ's adverse credibility ruling, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's findings of fact under the substantial evidence standard. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). Under this standard, "[w]e treat factual findings as 'conclusive unless any reasonable

2

adjudicator would be compelled to conclude to the contrary.'"

*Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The governing REAL ID Act credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  Substantial evidence supports the agency's adverse credibility determination.

First, Zhang has waived any challenge to the IJ's reliance on inconsistencies in his testimony and between his testimony and documentation.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (noting that petitioner abandons issues and claims not raised in his brief).  Second, Zhang has waived and failed to exhaust any

challenge to the agency's demeanor finding because he did not challenge that finding before the BIA and he does not challenge it in his brief in this Court. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (explaining that petitioner generally must exhaust issues before the BIA); *Yueqing Zhang*, 426 F.3d at 541 n.1, 545 n.7. That finding provides substantial evidence for the adverse credibility determination.

Furthermore, the agency reasonably concluded that Zhang failed to rehabilitate his credibility with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question"). Zhang alleged that he was detained and beaten by the police for protesting a "quasi-public" company's loss of his investment. But Zhang did not provide any evidence to corroborate his involvement with the company or his investment, such as a copy of his own contract with the company or other financial documentation of his investment. And the agency reasonably declined to give

4

weight to affidavits from Zhang's father and friend given their lack of detail. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to give little weight to letter from applicant's spouse in China). Although Zhang submitted a fine receipt relating to his arrest and detention, the fine receipt itself contained little detail, and once again Zhang provided no corroboration or authentication, such as a letter from his brother who paid the fine. *Id.* ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

Given the agency's inconsistency and demeanor findings, which Zhang has not challenged, and the lack of reliable corroborating evidence to rehabilitate his testimony, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because Zhang's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court